BALL, (ROOT v.) See Case No. 12,035.

BALL v. The SAM KIRKMAN. See Case No. 8,658.

BALL, (VIOLETTE v.) See Case No. 16,-954.

---

## Case No. 815.
### BALL v. WITHINGTON et al.
### SAME v. BAILIE.
[1 Ban. & A. 549;[2] 6 O. G. 933; Merw. Pat. Inv. 452.]
Circuit Court, S. D. Ohio. Oct., 1874.

PATENTS FOR INVENTIONS — REISSUE—BROADENED CLAIM.

1. The claim of complainant's reissued patent was, "One or more swinging bread-holders,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reporter by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission. Merw. Pat. Inv. 452, contains partial report only.]

suspended from the arms or end plates of a rotating reel, in combination with a furnace, so arranged and connected, that the products of combustion will pass into or through the chamber within which the bread-holders move." The specification shows, that the oven of the patentee is constructed with a solid bottom which completely shuts off the fire from the furnace, and flues by the side of the bread chamber so far removed, and so far cut off from the fire, that nothing but heated currents of air can pass into the chamber: *Held*, that the claim must be construed to be for the application of the rays of heat directly from the fire to the baking chamber, and that, as the original patent contained nothing calculated even to hint how this could be done, but the drawings and model suggest a mode of operation wholly different—viz., the baking of bread by the heat derived from the radiation of heated walls and heated currents of air, the reissued patent was broader than the original.

2. The reissued patent, granted to Hosea Ball, June 14, 1870, and extended for seven years from September 23, 1870, for improvement in ovens, *held* void for claiming what was not embraced in the original patent.

[In equity. Bills by Hosea Ball against John K. Withington and others and against John Baillie for infringement of letters patent. Dismissed.]

S. S. Fisher and John E. Hatch, for complainant.

Edward Boyd, for defendants.

Before EMMONS, Circuit Judge, and SWING, District Judge.

EMMONS, Circuit Judge. The bills charge infringement of letters patent, granted to complainant, September 23, 1856, for an "improvement in ovens," reissued October 12, 1869, and a second time reissued June 14, 1870, and extended for seven years from September 23, 1870.

By agreement of counsel, both cases were argued together, and the decision to be delivered, governs both.

The reissued patent, upon which the bills are founded, contains three claims; but the first, which is as follows, is the only one in controversy: "1. One or more swinging bread-holders, suspended from the arms or end plates of a rotating reel, in combination with a furnace, so arranged and connected, that the products of combustion will pass into or through the chamber within which the bread-holders move."

We prefer to rest the judgment solely upon the ground, that the original patent did not warrant that part of the claim, in the reissue, which includes the direct application of heat to the bread chamber. We say, the direct application of heat, because, we thus construe the words "products of combustion." The only significance which we can give to that part of the claim is, that the rays of heat from the fire must be radiated directly into the baking chamber. The reissued patent, as we construe it, claims a device which will accomplish this result. The infringement is said to depend upon the fact, that the defendants' apparatus applies the "products of com-

bustion" directly to the baking chamber, and that, as the reissue claims this feature, there is an infringement. That it does so, is entirely clear, all the "products of combustion," which ascend at all, move upward and around the swinging bread-holders. There is no proof, nor is there any suggestion from counsel, that there is any "product of combustion," heat excepted, which is efficacious in the baking of bread. Conceding, which we much doubt, that there are what may be called two principles, in a legal sense, in the application of heat to the baking of bread, we can draw the line between them only as follows: The one, that used by the defendants, and which we suppose complainant's reissued patent to claim, radiates the heat directly from the fire into the chamber, with no intervening wall or medium, the air excepted, between them. The other, heats the baking chamber by heating its external walls, or by carrying heated currents of air into it, but excluding all the direct rays of heat from the fire. The former mode greatly economizes fuel. The fire is in close juxtaposition to the baking bread, which is rotated in the chamber above the directly ascending, and, therefore, greatest possible amount of heat which can be economized from a given amount of combustion. This mode defendants' device employs to the full. Turning to that of the complainant, it completely excludes the employment of the principle, if principle it be. Not a single direct ray, radiated from the furnace, can enter the chamber. Its bottom is solid, and completely shuts off the fire of the furnace. The flues by the side of the bread chamber are so far removed, and so cut off, from the fire of the furnace, that nothing but heated currents of air can pass into the former, through the apertures in the side walls. There is not only not a word in the original patent calculated to hint at the leading idea or principle employed by the defendants, but, the drawings and model suggest a mode of operation wholly different. They rely upon heated walls and heated currents of air to bake the bread, and must have been contrived at a time when fuel was used, whose unconsumed gases and smoke were noxious, and which, therefore, had to be conveyed away without contact with the dough. So far from suggesting the defendants' device, or the unwarranted claim made in the reissue, had a baker, about to adopt the device of the defendants, believed that that of the complainant embodied the best application of heat, he would have abandoned his own device, in the belief that it was worthless. We do not think the case one, where a beneficial idea has been appropriated by another in a different form. The complainant delayed, rather than hastened, the direct application of heat employed by the defendants.

It may be said the claim necessarily uses the terms "products of combustion," in a sense other than that imputed to them by the court; and, as they were used in reference to a device in which the direct radiation of rays from the fire was impossible, necessarily, they must have contemplated something else; what this something else is, is not stated. The court is asked to presume there is some unknown "product of combustion" besides heat, which can be conveyed, through the apertures in the side walls, upon the bread. It is argued, if the court will but imagine some such improved incident to combustion, that then the original device embodied a mode in which it might be employed in baking, and thus it would lay the foundation for the claim made in the reissue. The answer is: We know of no such quality; all the products of combustive material, in this process, is the heat evolved, and as the original patent provided no mode for its application, the subsequent claim for it is void.

Although our judgment goes upon another ground, and we have not, therefore, fully considered, whether the patent for this combination is void, because no invention is involved in making it, still, such is our strong impression. We apprehend the new mode, which dispenses with smoke flues and separating walls surrounding the baking chamber, depends far more upon the modern use of fuel, which can, without injury, be consumed directly beneath the dough, than in any discovery on the part of complainant, or any one else, in the application, or law, of a new principle of heat, to baking. But, however this may be, previous patents had, in express terms, pointed out the mode, and claimed as a benefit, the direct application of heat to a baking chamber. The attention of those engaged in this department of industry had been directly challenged to this subject, and, what we deem somewhat material upon the mere question of invention, they had combined a furnace and chamber, for the direct application of heat, with an endless chain or apparatus for moving the bread over the fire. The reel is an old and familiar device. We should feel that we were carrying the doctrine which protects slight inventions to the last limit, if we were to hold that the combination of the reel and furnace in this case, involved invention. We have no disposition to deprive this species of property of its due protection. When a meritorious invention is presented, every disposition is felt to protect it from spoliation by the employment of other devices, in which, it is apparent, the idea of the complainant has been employed. We decide this case against the complainant, because conv nc d, that not only had the patentee no notion whatever that he had included in his device what is claimed in the reissue, but because, neither the patent, specification, nor model, would have suggested it to any one else.

The bills will be dismissed, with costs.

[NOTE. Patent No. 15,753 was granted to H. Ball September 23, 1856; reissued June 14,

1870, (No. 4,026.) For other cases involving this patent, see Garneau v. Dozier, 102 U. S. 230; Ball v. Langles, Id. 128.]